NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VIVEK PAL,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4884

Agency No.
A241-695-483

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 6, 2026[**]

Before: CLIFTON, FRIEDLAND, and BENNETT, Circuit Judges.

Vivek Pal is a native and citizen of India. He petitions for review of a Board

of Immigration Appeals (BIA) order that affirmed an Immigration Judge's (IJ)

denial of his application for asylum, withholding of removal, and protection under

the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Pal listed his wife and daughter as derivative beneficiaries on his application.

1

§ 1252, and we deny the petition.

We review the BIA's order and any parts of the IJ's decision adopted by the BIA. *Abebe v. Gonzales*, 432 F.3d 1037, 1039–41 (9th Cir. 2005) (en banc). We review legal conclusions *de novo* and factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). "An adverse credibility determination is a factual finding reviewed for substantial evidence." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). "Substantial evidence review means that we may only reverse the agency's determination where the evidence compels a contrary conclusion from that adopted by the agency." *Parada v. Sessions*, 902 F.3d 901, 908–09 (9th Cir. 2018) (cleaned up).

1. Adverse Credibility Determination: Substantial evidence supported the agency's adverse credibility finding. First, the agency found that Pal submitted fraudulent medical documents. In assessing his credibility, the agency considered two medical records documenting Pal's treatment for injuries occurring on December 20th, 2021, and June 25th, 2022, that contain *identical* language—despite being authored by different doctors in different states. In reviewing the agency's adverse credibility determination, we look to the "totality of the circumstances[] and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). Considering that

2

the two injuries form the basis of Pal's claim and the only documentation for them appears to be fraudulent, the agency reasonably concluded that these documents may constitute the basis for an adverse credibility determination.

Further, the record reflects numerous inconsistencies among Pal's various forms, declarations, and testimony. The IJ decision provided detailed descriptions of twelve such inconsistencies, which the BIA order acknowledged. For example, although Pal indicated that he was Christian on his original Form I-589, he later testified that he has been Sikh his entire life. Pal also testified that only he, his wife, and their child were home during a June 25th, 2022 attack, contradicting his father's declaration in which his father stated that he was also present during the attack. Moreover, Pal testified that he was physically attacked in December 2021 and March 2022, the latter incident being so severe as to leave him unconscious and in critical condition. However, a letter from his party leader stated that Pal was only threatened during these two incidents. "Under the REAL ID Act, even minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) (citing *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010)). Here, given the sheer number of inconsistencies, there are ample "specific instances in the record" to support the agency's adverse credibility determination. *Shrestha*, 590 F.3d at 1044.

2. Asylum Claim: In the absence of credible testimony, substantial evidence supported the denial of asylum. *Ani v. Bondi*, 155 F.4th 1118, 1131 (9th Cir. 2025). In this case, Pal's testimony did not establish that he suffered past persecution. Nor does the record otherwise compel a finding of past persecution or an objectively reasonable fear of future persecution based on account of a protected ground. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc). Pal provided news articles documenting the attacks on his family. But as the IJ explained, the additional documentary evidence was insufficient, especially where Pal failed to produce the authors of the articles for cross-examination.

3. Withholding of Removal and CAT Claims: Because Pal failed to meet the "well-founded fear" standard necessary for asylum, "he necessarily has failed to meet the more stringent 'clear probability' burden required for withholding of [removal]." *Molina-Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir. 2001). In addition, because the BIA reasonably concluded that Pal's past harm did not rise to the level of persecution, his harm necessarily fell short of the definition of torture required for CAT relief. *See Hussain v. Rosen*, 985 F.3d 634, 650 (9th Cir. 2021). Further, the documentary record does not compel the conclusion that Pal faces a sufficient risk of torture in the future to support his claim for CAT relief.

For these reasons, we deny Pal's petition regarding the denial of asylum, withholding of removal, and CAT protection.

**PETITION DENIED.**